IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WENDY LAWRENCE,<br><br>*Defendant*. | Case No. 3:24-cr-17 |

## **STATEMENT OF FACTS**

The United States and the defendant, WENDY LAWRENCE (hereinafter, "the defendant"), stipulate that the allegations contained in Count 1 of the Criminal Information and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of them beyond a reasonable doubt.

1. At all times relevant to the Criminal Information, the defendant resided in Richmond, Virginia, within the Eastern District of Virginia, and was an employee of the United States Postal Service (USPS).

2. On numerous occasions, during the course of her employment, the defendant stole envelopes that were entrusted to her care as a USPS employee while such envelopes were in the mail stream. The defendant took such envelopes to her residence in Chesterfield County, Virginia, within the Eastern District of Virginia.

3. The defendant removed various items from such envelopes, including gift cards, checks, and other items of value, and took such items for her own use. On or about October 18, 2022, law enforcement recovered stolen mail matter in LAWRENCE's possession at her residence, belonging to over 180 distinct victims.

1

4. LAWRENCE removed certain checks from the mail matter that she stole. Using the bank account and routing information on the checks, LAWRENCE obtained funds from the bank accounts associated with the checks that she stole.

5. As an illustrative example, LAWRENCE used stolen bank account information to initiate electronic payments for various personal expenses (*e.g.*, paying down her own tax bill, pest control bill, Comcast bill, and rent). For instance, on or about September 27, 2022, using the means of identification of C.W. (namely, C.W.'s name and Navy Federal Credit Union bank account number ending in -0121) LAWRENCE initiated a $10,542 electronic debit transaction from that bank account to pay for LAWRENCE's rent. To do this, LAWRENCE duplicated C.W.'s name and bank account number into another medium – the electronic payment portal for the rent payment processor – and initiated a payment. Moreover, to make her fraud scheme more long lasting and harder to detect, LAWRENCE further initiated a fraudulent address change request at USPS to redirect C.W.'s mail to LAWRENCE's own address.

6. As an illustrative example, on or about October 18, 2022, law enforcement recovered various checks that LAWRENCE forged for her own benefit. At no time did LAWRENCE have the permission to possess such checks.

    a. LAWRENCE forged her name in the "Pay To The Order Of" section of a check addressed to L.A. from B&L Floorcovering, Inc. in the amount of $902.04. The check was dated May 4, 2022. L.A. confirmed that the check was intended for L.A.'s father, and only the "Pay To The Order Of" section of the check had been doctored.

    b. LAWRENCE forged her name in the "Pay to the Order of" section of a check from R.L. and J.L. in the amount of $5,000. The check was dated

August 8, 2022. Various other blank checks in the name of R.L. and J.L. were also found in LAWRENCE's possession with the same bank account and bank routing numbers.

c. LAWRENCE forged her name in the "Pay to the Order Of" section of a check from R.D. and G.D. in the amount of $1,000. The check was dated October 8, 2022.

7. On or about October 18, 2022, enforcement recovered checks belonging to at least thirty other individuals in LAWRENCE's possession.

\* \* \*

8. For the purpose of calculating the defendant's advisory range under the United States Sentencing Guidelines, the parties stipulate that the losses to victims reasonably foreseeable to the defendant were between $15,000 and $40,000. The defendant acknowledges that this stipulation is not binding on the Court or the probation office, and that she will not be permitted to withdraw her plea if the loss calculations ultimately adopted by the Court at sentencing differ from this stipulation.

9. This statement of facts includes those facts necessary to support the defendant's guilty plea to Count One of the Criminal Information. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

10. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Avi Panth
Assistant United States Attorney

Date: 2/29/24

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

2/29/24
Date

WENDY LAWRENCE
Defendant

I am counsel for defendant, WENDY LAWRENCE, I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

2/29/24
Date

Joseph Camden
Counsel